Daniel C. Girard (SBN 114826)
Jordan Elias (SBN 228731)
Adam E. Polk (SBN 273000)
Simon S. Grille (SBN 294914)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800
Fax: (415) 981-4846
dgirard@girardsharp.com
jelias@girardsharp.com
apolk@girardsharp.com
sgrille@girardsharp.com

*Attorneys for Plaintiffs*

Michael M. Maddigan (SBN 163450)
Vassi Iliadis (SBN 296382)
**HOGAN LOVELLS US LLP**
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 785-4600
Fax: (310) 785-4601
michael.maddigan@hoganlovells.com
vassi.iliadis@hoganlovells.com

Phoebe A. Wilkinson (admitted *Pro Hac Vice*)
**HOGAN LOVELLS US LLP**
390 Madison Ave.
New York, NY 10017
Tel: (212) 918-3000
Fax: (212) 918-3100
phoebe.wilkinson@hoganlovells.com

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY SOSENKO, DIANE TERRY, and MICHAEL BURRAGE, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>        v.<br><br>LG ELECTRONICS U.S.A., INC.<br><br>                Defendant. | Case No. 8-19-cv-00610-JLS (ADSx)<br><br>**STIPULATION TO TRANSFER ACTION TO THE DISTRICT OF NEW JERSEY PURSUANT TO 28 U.S.C. § 1404(A)** |

1    Plaintiffs Gary Sosenko, Diane Terry, and Michael Burrage and Defendant LG

2  Electronics U.S.A., Inc., having met and conferred through their counsel of record,

3  hereby stipulate as follows:

4    WHEREAS, on April 1, 2019, Plaintiffs filed a class action complaint against

5  Defendant in this Court on behalf of a proposed class of California purchasers of LG

6  refrigerators;

7    WHEREAS, on June 7, 2019, plaintiffs' counsel filed a separate class action

8  complaint against Defendant in the District of New Jersey on behalf of a nationwide

9  class (excluding California) of LG refrigerator purchasers, *Bentley, et al. v. LG*

10  *Electronics U.S.A., Inc.*, No. 19-cv-13554 (D.N.J.);

11    WHEREAS, in late March 2020, the parties reached an agreement in principle to

12  resolve both actions and the Court stayed the case for the parties to finalize and

13  document the settlement (Dkt. No. 99);

14    WHEREAS, on May 19, 2020, the parties filed a stipulation to further stay the

15  case and informing the Court that the parties' anticipated stipulating to transfer this

16  action under 28 U.S.C. § 1404(a) to the District of New Jersey;

17    WHEREAS, on May 22, 2020, the Court entered the parties' stipulation to further

18  stay the case (Dkt. No. 101);

19    WHEREAS, the parties have finalized the proposed settlement and agree that a

20  transfer of this action to the District of New Jersey is appropriate;

21    WHEREAS, 28 U.S.C. § 1404(a) permits the Court, for the convenience of the

22  parties and in the interest of justice, to transfer a case to another district where venue is

23  proper, and the Court also has inherent authority to manage its docket, *see, e.g., Tung*

24  *Tai Grp. v. Fla. Transformer, Inc.*, No. 5:11-CV-02389 EJD, 2011 WL 3471400, at *2

25  (N.D. Cal. Aug. 8, 2011);

26    WHEREAS, this action could have been brought in the District of New Jersey in

27  that the court would have personal jurisdiction and subject matter jurisdiction over

28

1

1  Plaintiffs' claims and a substantial part of the events giving rise to Plaintiffs' claims

2  occurred there;

3   WHEREAS, the convenience of the parties and the interests of justice favor

4  transfer to the District of New Jersey because: (1) given the substantial overlap between

5  the two actions, it would be more efficient and convenient for a single judge to decide

6  the fairness of the proposed settlement; (2) it would be more convenient for the parties

7  to move for settlement approval in the District of New Jersey, where, as the Court

8  noted, "Defendant's headquarters is located" (Dkt. No. 73); and (3) the parties have

9  stipulated to transfer, *see, e.g.*, *Faze Apparel, LLC v. Faze Clan, Inc.*, No. 18-CV-

10  00625-LHK, 2018 WL 10509373, at *1 (N.D. Cal. Mar. 8, 2018); *Tung Tai Grp.*, 2011

11  WL 3471400, at *2;

12   NOW THEREFORE, the parties stipulate and agree to, and respectfully request

13  that the Court enter an order transferring this action to the District of New Jersey

14  pursuant to 28 U.S.C. § 1404(a).

15  * * *

16   A proposed Order is submitted herewith.

17

18               Respectfully submitted,

19  Dated: June12, 2020       By: /s/ *Daniel C. Girard*

20               Daniel C. Girard (State Bar No. 114826)
             Jordan Elias (State Bar No. 228731)

21               Adam E. Polk (State Bar No. 273000)
             Simon S. Grille (State Bar No. 294914)

22               **GIRARD SHARP LLP**

23               601 California Street, Suite 1400
             San Francisco, California 94108

24               Tel: (415) 981-4800

25               Fax: (415) 981-4846
             dgirard@girardsharp.com

26               jelias@girardsharp.com

27               apolk@girardsharp.com
             sgrille@girardsharp.com

28

2

STIPULATION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(A)
Case No. 8:19-cv-00610-JLS (ADSx)

*Attorneys for Plaintiffs*

Dated: June 12, 2020

By: /s/ *Michael M. Maddigan*

Michael M. Maddigan
Vassi Iliadis
**HOGAN LOVELLS US LLP**
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 785-4600
Fax: (310) 785-4601
michael.maddigan@hoganlovells.com
vassi.iliadis@hoganlovells.com

Phoebe A. Wilkinson (Admitted *Pro Hac Vice*)
**HOGAN LOVELLS US LLP**
390 Madison Ave.
New York, NY 10017
Tel: (212) 918-3000
Fax: (212) 918-3100
phoebe.wilkinson@hoganlovells.com

*Attorneys for Defendant*

## **ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the ECF filer attests that the other signatory listed, on whose behalf the filing is submitted, concurs in this filing's content and has authorized this filing.

/s/ *Daniel C. Girard*

STIPULATION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(A)
Case No. 8:19-cv-00610-JLS (ADSx)